**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JODI CHRISTINE VETTER,

       Plaintiff,

                              Case No. 14-13214

v.                             Hon. Gerald E. Rosen
                              Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      September 30, 2015     

PRESENT:    Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

On June 16, 2015, Magistrate Judge Anthony P. Patti issued a Report and

Recommendation ("R & R") recommending that the Court deny Plaintiff Jodi

Christine Vetter's motion for summary judgment and grant the Defendant

Commissioner of Social Security's motion for summary judgment. Plaintiff filed

objections to the R & R on June 30, 2015, and Defendant responded to these

objections on July 6, 2015. The Court has now reviewed the R & R, Plaintiff's

objections, Defendant's response, the parties' underlying summary judgment

motions, and the remainder of the record.  For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's thorough and well-reasoned R & R as the opinion of this Court.

As her principal objection to the R & R, Plaintiff contends that the Magistrate Judge erred in concluding that substantial evidence supports the hypothetical questions posed by the Administrative Law Judge ("ALJ") to the vocational expert.  Specifically, while the ALJ found at the third step of the sequential evaluation process that Plaintiff had "moderate difficulties" with regard to concentration, persistence or pace due to her depression, (Admin. Record at 16), Plaintiff maintains that the ALJ erred by failing to explicitly incorporate this finding of moderate limitations into his hypothetical questioning of the vocational expert, and instead determining that these limitations were adequately accounted for by restricting Plaintiff to unskilled work.

The Magistrate Judge extensively addressed this precise issue in the R & R, and the Court has little to add to this analysis.  As observed by the Magistrate Judge, a number of cases in this District have considered the question whether, and under what circumstances, limiting a claimant to unskilled work adequately accounts for the claimant's moderate deficiencies in concentration, persistence, or pace.  (*See* R & R at 15-20 (surveying this case law).)  In particular, some courts

have overturned a denial of benefits where an ALJ found that a claimant was moderately limited in concentration, persistence or pace but the ALJ's determination of the claimant's residual functional capacity ("RFC") lacked any such specific reference to these limitations.  *See, e.g., Brown v. Commissioner of Social Security,* 672 F. Supp.2d 794, 797 (E.D. Mich. 2009); *Benton v. Commissioner of Social Security,* 511 F. Supp.2d 842, 849 (E.D. Mich. 2007); *Edwards v. Barnhart,* 383 F. Supp.2d 920, 930 (E.D. Mich. 2005).  Other courts in this District — including this one — have eschewed an inflexible, *per se* rule that an RFC finding must expressly refer to a claimant's moderate limitations in concentration, persistence, or pace, and have instead advocated a "case-by-case determination" whether the ALJ's findings in their totality have been appropriately "harmonized and incorporated into" the ALJ's assessment of the claimant's RFC and hypothetical questioning of the vocational expert.  *Bohn-Morton v. Commissioner of Social Security,* 389 F. Supp.2d 804, 806-07 (E.D. Mich. 2005) (Rosen, J.); *see also Southworth v. Commissioner of Social Security,* No. 12-12243, 2013 WL 3388946, at *16-*17 (E.D. Mich. July 8, 2013); *Lewicki v. Commissioner of Social Security,* No. 09-11844, 2010 WL 3905375, at *3 (E.D. Mich. Sept. 30, 2010); *Street v. Commissioner of Social Security,* 390 F. Supp.2d 630, 638-39 (E.D. Mich. 2005).

Upon surveying these and other cases, the Magistrate Judge found that the latter decisions were more persuasive and on point here, (*see* R & R at 19-22), and this Court concurs.  As observed by the Magistrate Judge, the ALJ's finding that Plaintiff experienced moderate difficulties in concentration, persistence, or pace evidently rested solely on Plaintiff's own responses in a function report.  (*See id.* at 15-16 (citing Admin. Record at 16).)  Yet, the ALJ noted that this self-report was somewhat mixed, with Plaintiff stating that she "sometimes finishes what she starts and she can follow instructions well."  (Admin. Record at 16.)  Moreover, the Magistrate Judge pointed to Plaintiff's testimony at the administrative hearing that "she was having no difficulties maintaining attention or concentration, understanding information or instructions, or making decisions," and that her depression instead "manifested itself in terms of her mood."  (R & R at 20 (emphasis in original) (citing Admin. Record at 54).)  The Magistrate Judge further observed that there was "nothing in the record" — such as, for instance, the opinion of a medical source — to indicate that the ALJ's limitation of Plaintiff to unskilled work did not adequately account for Plaintiff's moderate difficulties in concentration, persistence, or pace.  (R & R at 21.)  Under the totality of this record, the Magistrate Judge found — and this Court agrees — that substantial evidence supports the ALJ's determination of Plaintiff's RFC and hypothetical

questioning of the vocational expert, despite the absence of any explicit reference in this RFC and hypothetical questioning to moderate limitations in concentration, persistence, or pace.  (*See* R & R at 21-22.)

Plaintiff's remaining two objections to the R & R are wholly perfunctory and warrant very little discussion.  First, Plaintiff points to evidence in the record that, in her view, indicates that the ALJ did not adequately account for her severe migraine headaches in determining her RFC.  Yet, the Magistrate Judge extensively addressed this same challenge in the R & R, (*see* R & R at 22-27), and Plaintiff fails to even acknowledge this analysis in her objections, much less endeavor to explain how the Magistrate Judge might have erred in this analysis. Likewise, while Plaintiff takes issue with the Magistrate Judge's conclusion that the ALJ identified sufficient grounds for discounting Plaintiff's testimony about her headaches, she does nothing more than simply state this objection, without presenting any sort of developed argument as to how the Magistrate Judge might have erred in reaching this conclusion.  As the Defendant Commissioner observes, cursory objections of this sort are tantamount to no objection at all.  *See Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991) (holding that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object," because such a generalized

5

objection fails to focus the district court's attention "on any specific issues for review, thereby making the initial reference to the magistrate useless").

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's June 30, 2015 objections (docket #15) to the Magistrate Judge's Report and Recommendation are OVERRULED.  IT IS FURTHER ORDERED that the Magistrate Judge's June 16, 2015 Report and Recommendation (docket #14) is ADOPTED as the opinion of this Court.  Finally, IT IS FURTHER ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation, that Plaintiff's December 29, 2014 motion for summary judgment (docket #11) is DENIED, and that Defendant's January 22, 2015 motion for summary judgment (docket #13) is GRANTED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  September 30, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

6